15 F.3d 1160
 304 U.S.App.D.C. 429
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James BEVEL, Appellant.
 Nos. 93-3082, 93-3083.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 10, 1994.
 
 Before: SILBERMAN, BUCKLEY and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellants' convictions and sentences be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellants challenge their convictions under 36 C.F.R. Sec. 2.1(a)(5) for climbing the statute of Albert Pike. Appellants claim that the regulation is unconstitutional and challenge the district court's denial of their motions for recusal and discovery. Appellants also challenge their sentences.
 
 
 5
 Appellants have not shown that 36 C.F.R. Sec. 2.1(a)(5) is unconstitutional either facially or as applied to them. The regulation, along with the compendium created by the Superintendent of the National Park Service which lists the conditions under which statute climbing is allowed, contain "narrow, objective, and definite standards to guide the licensing authority." Forsyth County v. Nationalist Movement, 112 S.Ct. 2395, 2401 (1992). Nor is there any merit to appellants' assertion that the government's application of the regulation to them constituted a greater restriction on their First Amendment rights than was necessary to further the government's legitimate interests. The regulation promotes the government's interests in preserving national monuments in a direct, non-speculative way, and is narrowly tailored to have a minimal impact on First Amendment expression. See Community for Creative Non-Violence v. Kerrigan, 865 F.2d 382, 390 (D.C.Cir.1989).
 
 
 6
 The district court properly refused to disqualify itself under 28 U.S.C. Sec. 455(a). Appellants have not shown that the district court's affiliation with a Masonic order over thirty years prior to appellants' trial would cause an informed observer reasonably to question the district court's impartiality in deciding this case. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Barry, 946 F.2d 913, 914 (D.C.Cir.1991).
 
 
 7
 The district court also properly denied appellants' motion for discovery and quashed their subpoenas. Appellants failed to make a colorable showing that their prosecution was improperly motivated. See Attorney General of the United States v. Irish People, Inc., 684 F.2d 928, 932 (D.C.Cir.1982) (per curiam).
 
 
 8
 Finally, appellants have stated no basis for reversing their sentences of seven days incarceration, which were well below the maximum of 60 days allowable under 36 C.F.R. Sec. 1.3(a).